## Craig *et al.* *versus* McHenry *et al.*

The plaintiffs, being the owners of the defendant's promissory note for $2000, pledged it to a third party, as collateral security for their note for $1000 discounted by him; at the maturity of the defendant's note for $2000, the plaintiffs being insolvent, he paid to the holder the amount for which his note was held as collateral security, and received the same, together with the plaintiffs' note for $1000: *Held*, in an action of trover for the $2000 note, that the defendant was not entitled to retain it until he was repaid the $1000 advanced by him; and that the measure of damages (the plaintiffs being an insurance company) was, what they would have been entitled to recover in an action on the note itself, deducting the amount paid by the defendant.

ERROR to the District Court of *Philadelphia.*

This was an action of trover by Geoge McHenry and John McC. Smiley, assignees of the Western Insurance Company, against Andrew C. Craig and Joseph B. Craig, trading as A. C. Craig & Co., for a promissory note for $2000, of which the following is a copy:—

$2000.                    Philadelphia, April 1, 1857.

Twelve months after date, we promise to pay to the order of the Western Insurance Company, two thousand dollars, without defalcation, value received.

ANDREW C. CRAIG & CO.

This note was given to the Western Insurance Company, by the defendants, as a premium note, to cover losses which might accrue during the period for which it was given, provided the other assets of the company should not be equal thereto.

The company pledged this note to E. L. Moss, as collateral security for their own note for $1000, dated the 19th November 1857, at four months; by whom it was deposited in the Farmers' and Mechanics' Bank for collection.

Before the maturity of the defendants' note, the Western Insurance Company had become insolvent, and had made an assignment to the plaintiffs for the benefit of its creditors. And the defendants, having ascertained that their note was held as collateral security by Moss, and that the company was unable to pay the amount of their note for which it had been pledged, called on Mr. Moss, paid him the sum of $1001.17, and received from him their note for $2000, and also the company's note for $1000. It was shown, that the losses of the company, during the period for which the note was given, amounted to at least $50,000, and that on the 1st April 1858, it was utterly insolvent.

The defendants' counsel presented the following points in writing, upon which they requested the court to charge the jury:—

1. That, under the evidence in this case, the defendants had

[Craig *et al. v.* McHenry *et al.*]

and have a right to retain the note sued for, as collateral security for and till the repayment to them of the plaintiffs' note for $1000, mentioned in the bill of discovery and answer thereto.

2. That, by the agreement under which the defendants' note was given, the defendants were liable only to contribute to make good certain losses. That there is no evidence, that before suit brought, any evidence had been given to them of any such losses or their amounts, or of how much they were liable for on their note or demand to pay it—without which the plaintiffs cannot recover the amount of the note.

3. That there is no evidence that the plaintiffs could have recovered from the defendants the amount of the note, nor of what amount they were entitled to thereon, and that they are not entitled to recover the amount of the note, or more than nominal damages.

The learned judge refused so to charge, but instructed the jury that the plaintiffs could not recover more than they could have recovered from the defendant, in an action on the note ; that the value of the note, if in their hands, was the measure of damages in this form of action.

To this instruction the defendants excepted·; and a verdict and judgment having been given for the plaintiffs for $964.69, the defendants sued out this writ, and here assigned the same for error.

*Johnston,* for the plaintiffs in error, cited Jordan *v.* Union Mutual Fire Insurance Company, 21 *Law Reporter* 83 ; Hurlbut *v.* Carter, 21 *Barb.* 221 ; Bangs *v.* McIntosh, 23 *Id.* 591 ; Devendorf *v.* Beardsley, *Id.* 662 ; New England Mutual Fire Insurance Company *v.* Belknapp, 9 *Cush.* 140 ; Marblehead Mutual Fire Insurance Company *v.* Hayward, 3 *Gray* 208 ; Kelly *v.* Troy Insurance Company, 3 *Wisconsin* 254.

*M. P. Henry* and *McMurtrie,* for the defendants in error.

The opinion of the court was delivered by

Read, J.—The Western Insurance Company, being the owners of a note drawn by Andrew C. Craig & Co. for $2000, and payable to their order, gave the same to E. L. Moss, as collateral security for their own note for $1000, discounted by him. As the note for $2000 approached maturity, Andrew C. Craig & Co. received notice from the Farmers' and Mechanics' Bank, that they held the note, and that it was about to become payable. Finding, upon inquiry, that their note was held as collateral, by Mr. Moss, for the company's note for $1000, and which the company were unable to pay, the defendants paid Mr. Moss its amount, and he transferred it to them with their own note for $2000.

[Craig *et al. v.* McHenry *et al.*]

The Western Insurance Company, being insolvent, made an assignment of all its property, and its assignees demanded this note for $2000, offering to note all credits on it to which the defendants were legally entitled. Upon the trial, no evidence was given by the defendants; but that on the part of the plaintiffs disclosed the whole case, and showed clearly, that the note in suit was required to pay losses, which it and others had been given to the company to cover, and for which the defendants were to receive a compensation by the terms of their agreement with the company.

It is clear, then, that the plaintiffs, being the owners of the note for $2000, were entitled to recover its full amount, deducting the amount paid to Mr. Moss by the defendants, unless the evidence showed that other allowances were to be made under the terms upon which it had been given to the company, and then the balance only after deducting such allowances.

The court were, therefore, correct in refusing to charge the jury that the defendants had a right to retain the note till the repayment of the plaintiffs' note for $1000. The court also made no error in refusing to charge as requested in the defendants' second and third points, for there was ample evidence of the losses which this note was given to pay, and which note the defendants were thus liable to pay in full. But the court very properly gave the defendants the same advantages exactly as they would have had, if sued on the note itself, and instructed the jury that the plaintiffs could not recover more than what they would have recovered from the defendants, in an action upon the note—that the value of the note, if in their hands (the plaintiffs), was the measure of damages in this form of action.

Judgment affirmed.